IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

STALYN ANDERSON SALAZAR CRUZ                                      PETITIONER

VERSUS                                        CIVIL ACTION NO. 5:26-cv-216-DCB-BWR

DEPARTMENT OF HOMELAND SECURITY, ET AL.                       RESPONDENTS


MEMORANDUM OPINION AND ORDER OF DISMISSAL

This case comes before the Court sua sponte on pro se Stalyn Anderson Salazar Cruz's habeas petition filed under 28 U.S.C. § 2241.   Petitioner, an alien detainee, filed his habeas petition on March 25, 2026, while detained at the Adams County Correctional Center in Natchez, Mississippi.   On April 14, 2026, the Court entered an Order directing Petitioner to pay the filing fee or file a complete Motion to Proceed in Forma Pauperis on or before May 14, 2026.   Order [5] at 1.   That Order [5] was mailed to Petitioner at his last-known address.   The envelope containing the Order [5] was returned as undeliverable marked "Released."   Mail Returned [6] at 1.

When Petitioner failed to comply with the Order [5], an Order to Show Cause [7] was entered on May 27, 2026, that directed Petitioner to show cause why he has not complied with the previous Court Order [5] and to comply with that Order [5] by June 5, 2026.   Order [7] at 1–2.   Once again, Petitioner has not complied with the Orders [5] [7], and a Second and Final Order to Show Cause [8] was entered extending the deadline to June 25, 2026.   Order [8] at 2.   That Order warned Petitioner that "[t]his was Petitioner's final opportunity to comply with the Order [5]."   *Id*.   To date, Petitioner has not responded, and the envelopes containing both

Show Cause Orders [7] [8] addressed to Petitioner at his last-known address were returned as undeliverable.   Mail Returned [9] at 1; Mail Returned [10] at 1 (marked "Released 4-8-26").

The Court has the authority to dismiss an action for Petitioner's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action sua sponte.   *See Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).   The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.   *Link,* 370 U.S. at 630.   Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.   *Id.* at 630–31.   The Court's authority to dismiss an action for failure to prosecute extends to habeas corpus petitions.   *See Martinez v. Johnson,* 104 F.3d 769, 772 (5th Cir. 1997).

The Court repeatedly warned Petitioner that "his failure to timely comply with the requirements of [an] order may lead to the dismissal of the petition."   Order [5] at 1; *see* Order [7] (advising that failure to comply "will be deemed as a purposeful delay and contumacious act by Petitioner and may result in this cause being dismissed without prejudice and without further notice to Petitioner"); Order [8] at 2.

As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution," but instead such efforts have proven futile.   *See Tello v. Comm'r.*, 410 F.3d 743, 744 (5th Cir. 2005).   Dismissal without prejudice is warranted.

IT IS, THEREFORE, ORDERED AND ADJUDGED that pro se Petitioner's habeas corpus Petition [1] is dismissed without prejudice for failure to prosecute and obey the Orders of

the Court.[1]   A separate final judgment will be entered pursuant to Federal Rule of Civil

Procedure 58.

　　　SO ORDERED, this  _2nd_  day of July, 2026.

　　　　　　　　　　　　　　s/David Bramlette
　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[1]A certificate of appealability (COA) is not required to appeal the denial of relief under 28 U.S.C. § 2241 when the petitioner is in federal detention.  *See Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005) (citing *Ojo v. I.N.S*, 106 F.3d 680, 681 (5th Cir.1997)).